[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO ACCEPT HIS BILL OF COSTS
The plaintiff brought this action for damages as the administratrix of the estate of John Albert Ahern, alleging that the defendant's negligent medical treatment caused his death. The specific basis of the plaintiff's claim was that the defendant prescribed the drug Lithium for the decedent over a period of time, but then negligently failed to monitor the Lithium level in his blood. She further claims that the decedent's Lithium level was allowed to increase to a point where it caused him to suffer an attack of arrythmia, which in turn caused his death. At the trial, the plaintiff presented several expert witnesses, including Dr. Gene Gordon, a physician and psychiatrist specializing in the treatment of mental illness by various drugs including Lithium. Following the close of the plaintiff's case, the court granted the defendant's motion for a directed verdict on the basis that the plaintiff had failed to prove the cause of the decedent's death by the requisite expert medical testimony. The defendant, therefore, never produced any testimony or other CT Page 2215 evidence except during the course of cross-examining the plaintiff's witnesses.
The defendant has filed a Bill of Costs pursuant to C.G.S. 52-257 and 52-260. Total costs claimed are $25,728.41. The defendant objects to certain items, which are discussed below.
Plaintiff first objects to the bill in the amount of $518.00 for "copies of records used in evidence." The plaintiff argues that the statutory authority cited by the defendant, C.G.S. 52-257 (b)(6), permits costs only for copies of court records. This is a misinterpretation of that statute, however, which contains no such restriction. The objection is overruled.
Next, the plaintiff objects to the bill in the amount of $1,690.00, submitted pursuant to C.G.S. 52-260 (f) for "Expert Testimony Fee." The defendant's itemization on the bill and statements by his attorney at the hearing on this motion indicate that the charges are $490.00 for the deposition of Dr. Malcolm Bowers, an expert witness whom the defendant had disclosed, but never used at trial; $600.00 for consultations with Dr. Bowers in preparation for trial; and $600.00 for the deposition of Dr. Gordon, the plaintiff's expert. The plaintiff objects only to the cost of Dr. Bowers' preparation for trial and to the cost of Dr. Gordon's deposition. The cost of Dr. Gordon's deposition is covered by C.G.S. 52-260 (f), which provides in relevant part as follows: "Whenever any [physician] . . . is summoned to give expert testimony in any action or proceeding, the court shall determine a reasonable fee to be paid to the [physician] . . . and taxed as part of the costs in lieu of all other witness fees payable to the [physician]." In this context, the word "proceeding" includes a pretrial deposition. See Kirk v. Vagnini, No. 158734 (Superior Court, New Haven, Dec. 28, 1984, Berdon, J.); 11 Conn. Law Trib. No. 26 (Jul. 1, 1985). The charge for the Gordon deposition, therefore, is allowed. The charge for Dr. Bowers' preparation for trial, however, is disallowed, there being no legal basis for it. Furthermore, since the statute provides that the physician's fee is "in lieu of all other witness fees payable to [him]", the defendant's additional bill for depositions pursuant to C.G.S. 52-257 (a)(2) in the amount of $420.00 is reduced by $90.00, the amount included therein for the depositions of Doctors Bowers and Gordon.
The last item to which the plaintiff objects is in two parts totalling $22,059.72. This is for various photographic enlargements of medical records and reports for which C.G.S. 52-257 (b)(5) provides a "reasonable sum" CT Page 2216 may be assessed. The defendant claims $9,737.57, substantiated by an invoice in that amount, for photographic enlargements of this plaintiff's numerous hospital records. Certified copies, in the same size as the originals, were introduced as evidence. The defendant introduced some of the enlargements but not all. The purpose of the enlargements was to enable the defendant to put before the jury, in a more readable format, portions or all of the documents during his cross-examination of the plaintiff's witnesses. The documents related to the decedent's medical treatment prior to the time the defendant treated him. They were not absolutely crucial to the defendant's case. In order for the cost of such an item to be taxable, the item must at least have been admitted into evidence or used for demonstrative purposes. Kirk v. Vagnini, supra. Although the defendant conceded at oral argument that not all of the enlargements were so used, he did not provide an itemization of the bill nor a breakdown of which items were used and which were not. Furthermore, in evaluating the reasonableness of the defendant's claim, the court must analyze the purpose of the photographic enlargements, in particular whether they were "necessary or convenient" in the trial. As indicated above, these photographs were simply enlarged copies of documents which had also been admitted in their normal size; that is, letter or legal size. At best, therefore, they were "convenient" but not "necessary." Based on those considerations, the court finds that a reasonable sum for these enlargements is $1,000.
The second category of photographs consisted of enlargements of reports of Doctors Gordon and Felber concerning the decedent. The defendant claims $12,322.15, substantiated by an invoice in that amount. Actual size copies of these reports were also in evidence, so the enlargements were used for demonstrative purposes only. They assumed a far more prominent, role in the defendant's case, however, than did the other photographs. Two major contentions of the defendant were that the plaintiff's most crucial witness against him, Dr. Gordon, lacked credibility and that he had made only a superficial analysis of the matters set forth in his reports. These contentions were strongly supported by the nearly verbatim similarity between Dr. Gordon's report and Dr. Felber's earlier report, suggesting that Dr. Gordon merely copied the conclusions and rationale of Dr. Felber with no independent analysis of his own. Dr. Gordon's credibility was further undermined by his repeated testimony that he was totally unaware of Dr. Felber's report, notwithstanding that its phraseology and conclusions were virtually identical to his own. The enlarged photographs of the two reports, highlighted in contrasting colors, enabled the defendant to emphasize to the jury their similarity, and hence the witness's lack of CT Page 2217 credibility, in a visual display which was forceful and effective. Given the importance of the subject matter, the court finds that the photographic enlargements were more than "convenient" in the trial; they were necessary to the effective presentation of a critical aspect of the defendant's case.
The court is left with the task, again, of determining "reasonableness" as required by the statute but without any statutory or other guidelines. The only evidence offered by either party on the point was the invoice showing that a company specializing in graphics displays had designed and produced the eight color highlighted charts which were introduced in evidence at the trial; that the company had spent one hundred forty hours on the project; and that its charges for labor and materials were $12,322.15. There was no evidence that the time spent or the charges therefor were not reasonable. Finally, the court takes into consideration the amount at issue and the significance of the case to the parties. As indicated, this was a medical malpractice case in which the plaintiff claimed damages for the wrongful death of the decedent. The decedent was a college graduate in his late twenties. Although his life was hampered by mental illness at the time he died, a reasonable verdict in his favor could have reached six figures. Furthermore, the personal and professional impact on the defendant would have been immeasurable. The court finds, therefore, that the defendant did not act unreasonably in expending $12,322.15 for materials which significantly aided him on a critical aspect of the trial.
For all of the foregoing reasons, the court finds that the charges in this instance, although significant, were reasonable, as required by the statute, and, are therefore taxable as costs to the plaintiff.
With the adjustments noted above, the defendant's bill of costs is accepted; in the amount of $16,300.84.
Maloney, J.